IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVEN G. PEGLER,<br><br>    **Plaintiff,**<br><br>v.<br><br>DOUG SMITH AUTOPLEX, INC., dba DOUG SMITH SUBARU,<br><br>    **Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No: 2:19-cv-00821<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

  This case is before Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. §636 (b)(1)(B) referral by District Court Judge Clark Waddoups. (ECF No. 10.) Under DUCivR 7-1, the Court concludes that oral argument is unnecessary and, therefore, decides the pending motion on the written memoranda provided by the parties. *See* DUCivR 7-1(f).

## **PROCEDURAL BACKGROUND**

  Pursuant to 28 U.S.C. § 1915 (the "IFP statute"), Plaintiff Steven G. Pegler ("Plaintiff" or "Mr. Pegler") was granted leave to proceed *in forma pauperis*, without prepayment of fees, and his initial complaint was placed on the court docket on November 20, 2019. (ECF No. 3); *see* 28 U.S.C. § 1915(a). Plaintiff's complaint alleged discrimination claims against Defendant Doug Smith Autoplex ("Defendant" or "Doug Smith Auto"). (ECF No. 4.)

  On February 4, 2020, Plaintiff filed an Amended Complaint alleging claims similar to those set forth in his initial pleading. (ECF No. 8.) On February 27, 2020, the Court conducted a § 1915 review of the Amended Complaint and concluded that Plaintiff failed to state a claim for relief. (ECF No. 13); *see* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8(a); Fed. R. Civ. P.

12(b)(6). The Court allowed Plaintiff to amend[1] and, on March 11, 2020, Mr. Pegler filed a Second Amended Complaint. (ECF No. 14.)

Attorney Jay L. Kessler ("Mr. Kessler") entered a Notice of Appearance on behalf of Mr. Pegler on June 16, 2020. (ECF No. 18.)

On January 6, 2021, Doug Smith Auto filed its pending Motion for Summary Judgment (the "Motion"). (ECF No. 26.)

Shortly thereafter, Mr. Kessler was granted permission to withdraw, and the case was stayed for twenty-one days to allow Plaintiff additional time within which to obtain new counsel. (ECF No. 30; ECF No. 33; ECF No. 34); *see* DUCivR 83-1.4. On Feb. 25, 2021, Mr. Pegler informed the Court that he was financially unable to hire a new attorney and that he would therefore proceed *pro se.* (ECF No. 41.)

---

[1] The Court advised Mr. Pegler that in order to comply with federal pleading requirements and state a proper claim for relief, his amended complaint must contain:

a. A short, plain statement of each cause of action including reference to the specific statute or legal right that was violated sufficient to establish subject matter jurisdiction;
b. Short, succinct and specific factual allegations in support of each claim, to be set forth in numbered paragraph form and sufficient to survive a motion to dismiss for failure to state a claim;
c. Identification of what each Defendant did, and when;
d. Identification of how each Defendant's conduct harmed the Plaintiff; and
e. Identification of any connection between any relevant exhibits and the specific claim alleged.

(ECF No. 13 at 4-5.)

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a determination of a legal issue as a matter of law. *See* Fed. R. Civ. P. 56. In evaluating a motion for summary judgment, the Court "view[s] the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor." *Jones v. Norton,* 809 F.3d 564, 573 (10th Cir. 2015).

A party moving for summary judgment bears the initial burden of identifying the absence of a genuine issue of material fact. *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the movant meets this burden, the burden then shifts to the non-moving party to provide evidence and specific facts which establish the existence of a genuine dispute. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A disputed fact is material only if it might affect the outcome of the suit in light of the substantive law. *Id.* at 248. The party opposing summary judgment must present evidence sufficient to support every essential element of the claims on which it bears the burden of proof. *See Celotex*, 477 U.S. at 322.

**FACTUAL BACKGROUND**

As an initial matter, the court notes that Plaintiff's motion for summary judgment fails to comply with Rule 56-1 of the local Rules of Practice for the United States District Court for the District of Utah. *See* DUCivR 56-1(c). The local rule requires an opposing party to restate each disputed fact and provide "a concise statement explaining why the fact is disputed or immaterial, and a citation with particularity to the evidence upon which the non-moving party relies to refute that fact." DUCivR 56-1(c)(3).

Here, despite a liberal reading,[2] Mr. Pegler does not controvert any of the material facts in Defendant's motion.[3] Plaintiff admits paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 10 and 13 of Defendant's Statement of Undisputed Material facts, and seems to at least partially admit paragraphs 9, 11, 14, 15, 17 and 19. (ECF No. 48 at 2.) Although Plaintiff states that he denies the facts set forth in paragraphs 12, 16, 18, 20 and 21, he fails to provide any facts or citations to evidence that would genuinely dispute those "denied" facts. (*Id.*) Instead, Plaintiff simply "encourage[s]" the Court to read his deposition and claims that Mr. Coyne's deposition is "filled with lies." (ECF No. 48 at 4, 13.)

Plaintiff's self-serving statements, however, do not go beyond the pleadings to provide "specific facts showing that there is a genuine issue for trial." *Sally Beauty Co v. Beautyco, Inc.,* 304 F.3d 964, (10th Cir. 2002). Consequently, the court considers Defendant's facts as undisputed for purposes of summary judgment.[4] *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may. . .

---

[2] The Court recognizes that Mr. Pegler is proceeding *pro se* and as a result it construes his "pleadings liberally and hold[s] the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996). That said, Mr. Pegler's *pro se* status does not discharge him from complying with all applicable rules and procedures, and the Court will not assume an advocacy role on his behalf. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

[3] Mr. Pegler filed his original opposition to Defendant's Motion on February 22, 2021. (ECF No. 36.) Thereafter, the Court granted Plaintiff's unopposed Motion to Amend seeking to "redo" his opposition and make it "more orderly." (ECF No. 42 at 2; ECF No. 45; ECF No. 46, Docket Text Order.) As a result, the Court considers Plaintiff's Amended Memorandum as Mr. Pegler's formal opposition to Defendant's Motion. (ECF No. 48.)

[4] Although the Court deems the facts as presented by Defendant as admitted for the purpose of this motion, the court has reviewed the record evidence cited by Defendant to confirm that the asserted facts are indeed supported. *See* Fed. R. Civ. P. 56(e)(3).

consider the fact undisputed for purpose of the motion."); *see also Hamilton v. Dept. of Veterans Affairs,* 2016 WL 7326280, at * 2 (D. Kan. 2016) (explaining that, on summary judgment "[a]lthough the Court affords some leeway to pro se parties, it cannot merely overlook Plaintiff's failure to state and oppose material facts in compliance with the local rules, and Plaintiff's failure to submit admissible evidence." (quotations and citation omitted)). Accordingly, the following facts are undisputed:

1. Plaintiff Steven Pegler was hired by Defendant Doug Smith Auto in July 2017 as a salesman. *See* Second Amended Complaint, "Charge of Discrimination" (ECF No. 14 at 6.)

2. Mr. Pegler interviewed with sales manager Derek Schwendiman. *See* Deposition of Steven G. Pegler ("Pegler Deposition") (ECF No. 26-1 at 32-33.)

3. During Plaintiff's interview, there was no discussion of his religion. *See* Pegler Deposition (ECF No. 26-1 at 36.)

4. When Plaintiff first started working for the Defendant, he worked from 2:00 p.m. to 9:00 p.m. six days per week. *See* Pegler Deposition (ECF No. 26-1 at 35-39.)

5. All of the other salespeople at Doug Smith Auto worked five days per week and had a double shift one day per week from 8:00 a.m. to 9:00 p.m. *See* Pegler Deposition (ECF No. 26-1 at 33-34.)

6. Mr. Pegler, however, was not required to work a double shift because he suffered from sleep apnea. *See* Pegler Deposition (ECF No. 26-1 at 35.)

7. Around March 1, 2018, Doug Smith Auto managers Jon Cassel and Rich Green told Plaintiff they were requiring him to take Thursdays off, thereby reducing Plaintiff's work to five days a week. *See* Pegler Deposition (ECF No. 26-1 at 75.)

8. Mr. Pegler is Jewish. *See* Second Amended Complaint, "Charge of Discrimination" (ECF No. 14 at 6.)

9. No one at Doug Smith said anything to Plaintiff or treated him differently because of his religion. *See* Pegler Deposition (ECF No. 26-1 at 40-41.)

10. Mr. Pegler concedes that he is not making a claim for discrimination based on his age, disability or national origin. *See* Pegler Deposition (ECF No. 26-1 at 63, 66.)

11. Defendant received three negative customer Google reviews about Mr. Pegler in the months prior to his termination. *See* Pegler Deposition (ECF No. 26-1 at 84-95; ECF No. 26-2.)

12. The third review, by Mr. Jonathan Coyne ("Mr. Coyne"), was dated September 6, 2018, six days prior to Mr. Pegler's termination. (ECF No. 26-2 at 3; ECF No. 26-3.)

13. Plaintiff believes that Mr. Coyne's customer Google review was anti-Semitic. *See* Pegler Deposition (ECF No. 26-1 at 57, 59; ECF No. 26-2 at 3.)

14. Plaintiff states that Mr. Coyne's customer Google review was a factor in his termination. *See* Pegler Deposition (ECF No. 26-1 at 49-50, 57, 84; ECF No. 26-2 at 3.)

15. Mr. Pegler claims he was discriminated against because of his religion. *See* Pegler Deposition (ECF No. 26-1 at 61.)

16. Mr. Coyne's Google review does not call Plaintiff Jewish. Rather, the review says that Plaintiff identified himself as Jewish. *See* Deposition of Jonathan Coyne ("Coyne Deposition") (ECF No. 26-4 at 15; ECF No. 26-2 at 3.)

17. Mr. Coyne testified that Plaintiff identified himself as Jewish, which struck him as "completely off-color." *See* Coyne Deposition (ECF No. 26-4 at 15.)

18. Mr. Coyne wrote the customer Google review on September 6, 2018, "not very long" after the test-drive incident described in the review. *See* Coyne Deposition (ECF No. 26-4 at 20-21; ECF No. 26-2 at 3.)

19. After submitting the review, Mr. Coyne received a call from someone at Doug Smith Auto apologizing for Plaintiff's conduct and telling Mr. Coyne that Plaintiff had "been let go for similar situations." *See* Coyne Deposition (ECF No. 26-4 at 24.)

20. During that call, there was no mention of religion as a factor in Mr. Pegler's termination. *See* Coyne Deposition (ECF No. 26-4 at 25.)

20. Plaintiff was the subject of multiple Counseling Statements pertaining to his performance at Doug Smith Auto. *See* Doug Smith Auto Group Counseling Statements (ECF No. 26-3.)

21. The final Counseling Statement, dated September 12, 2018, resulted in Plaintiff's termination. (ECF No. 26-3 at 1.)

22. The September 12, 2018, Counseling Statement states: "We have had multiple issues with Steve's attitude, both towards customers and management . . . . Steve has been warned in the past about his attitude towards customers and how he needed to be kinder to customers. His attitude towards management when discussing these issues has also been disrespectful. . . . It creates a hostile environment for customers and is not acceptable behavior for a representative of Doug Smith Subaru." (ECF No. 26-3 at 1.) Accordingly, "[w]ith the continued behavior still being a problem, we've decided the best course of action is termination of employment." (ECF No. 26-3 at 1.)

**ANALYSIS**

I.     **Plaintiff Does Not Establish A Prima Facie Case Of Religious Discrimination**

To prove a *prima facie case* of religious discrimination, Plaintiff must demonstrate: "(1) that he was subject to some adverse employment action; (2) that, at the time the employment action was taken, the employee's job performance was satisfactory; and (3) some additional evidence to support the inference that the employment actions were taken because of a discriminatory motive based upon the employee's failure to hold or follow his or her employer's religious beliefs." *Shapolia v. Los Alamos Nat. Laboratory*, 992 F. 2d 1033, 1038 (10th Cir. 1993); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 67 L. Ed. 2d. 207, 101 S. Ct. 1089 (1981) (the proof necessary toe stablish a prima facie case is not onerous). Once the Plaintiff meets his initial burden, the burden then shifts "to the defendant to articulate some legitimate nondiscriminatory reason for the employment action." *Id.* at 1036. If the defendant does so, "the plaintiff has the burden of proving, by a preponderance of the evidence, that the employment action was motivated by illegal discrimination, and that can be done either through direct evidence, or indirectly by showing that the reasons proffered by the defendant are pretext for discrimination." *Id.* (*citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-804, 93 S. Ct. 1817, 36 L. Ed. 3d 668 (1973)).

Mr. Pegler does not make a *prima facie* case of religious discrimination. While Plaintiff was subject to an adverse employment action---his September 12, 2018 termination---he does not show that at the time he was terminated his job performance was satisfactory. To the contrary, the undisputed evidence show that at the time of Mr. Pegler's termination his job performance was unsatisfactory. Further, Mr. Pegler does not provide any additional evidence to show that the adverse employment action was taken because of a discriminatory motive, and Plaintiff's

unsupported statement that he has "presented a prima facie case" is insufficient to raise a genuine issue of fact for purposes of denying summary judgment. (ECF No. 48 at 17); *see Branson v. Price River Coal Co.,* 853 F.2d 768, 772 (10th Cir. 1988).

## II. Plaintiff Does Not Establish That Defendant's Stated Reason For Termination Was Pretextual

To state a case for religious discrimination, Mr. Pegler must also show that Doug Smith Auto's stated reason for his termination was pretext for religious discrimination. Pretext can be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir. 1997).

Here, the undisputed facts establish that Defendant terminated Mr. Pegler because of his ongoing, negative "attitude both towards customers and management." (ECF No. 26-3 at 1; ECF No. 26-1 at 84-85.) Defendant's termination is supported by three negative customer Google reviews and Doug Smith Auto's Group Counseling Statements. (ECF No. 26-2; ECF No. 26-3); *see E.E.O.C. v. Flasher Co.,* 986 F.2d 1312, 1316 (10th Cir. 1992) (at this stage the burden is "merely to articulate through some proof a facially nondiscriminatory reason for the termination"). An employee's negative attitude toward customers and management constitutes a facially nondiscriminatory reason for termination and, other than his own statements, Plaintiff does not offer any evidence to show that Defendant's legitimate, nondiscriminatory reason for his termination is pretext for religious discrimination. (ECF No. 48 at 13); *see Tyler v. RE/MAX Mountain States, Inc.,* 232 F.3d 808, 814 (10th Cir. 2000) ("an employee must proffer evidence

that shows each of the employer's justifications are pretextual."). Although Plaintiff argues that Mr. Coyne's "review was only a pretext used to try and justify firing me," Mr. Pegler presents no direct evidence of such claim. Plaintiff's conclusory and self-serving assertions, however, are "inadequate to raise an issue of fact for trial." *Shapolia*, 992 F.2d at 1039 (*citing* Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 324; *Applied Genetics Int'l. v. First Affiliated Sec., Inc.,* 912 F. 2d 1238, 1241 (10th Cir. 1990)).

## CONCLUSION

To avoid summary judgment, Plaintiff must produce specific facts establishing a "genuine issue for trial and evidence [that is] significantly probative as to any [material] fact claimed to be disputed." *Velasquez v. Frontier Med. Inc.,* 375 F. Supp. 2d. 1253, 1271 (D. New Mex. Feb. 28, 2005). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

Mr. Pegler has not produced specific facts establishing a genuine issue of material fact and as a result Defendant is entitled to summary judgment.

**RECOMMENDATION**

For the reasons stated, it is hereby RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED and that all of Plaintiff's claims against Defendant in this action be DISMISSED WITH PREJUDICE. (ECF No. 26.)

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 29 April 2021.

_____
Dustin B. Pead
United States Magistrate Judge